**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | |
|---|---|
| Michael R. Harkness, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 9:11-cv-02920-JMC |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Michael J. Astrue, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court for a review of the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 19], filed on November 9, 2012, regarding Plaintiff Michael Harkness's ("Plaintiff") claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Administrative Law Judge ("ALJ") determined that Plaintiff is not disabled within the meaning of the Social Security Act and thus not entitled to benefits. The Magistrate Judge concluded that the Commissioner's decision was not supported by substantial evidence because it was based on an inconsistent and contradictory rationale. Specifically, the Magistrate Judge found that the ALJ determined that Plaintiff's bipolar disorder, though severe, was not disabling even without treatment. However, to support that position, the ALJ emphasized the importance of Plaintiff's treatment in stabilizing his bipolar disorder so that he could pursue gainful activity. In essence, the ALJ acknowledged the necessity of treatment in allowing Plaintiff to perform gainful work activity, but at the same time, found that Plaintiff's bipolar disorder was not a disabling condition.

The Magistrate Judge found that the ALJ's reasoning was not only internally

1

inconsistent, but further suggested that the ALJ had improperly denied disability on the basis of Plaintiff's alleged noncompliance with treatment. Denial of disability based on a claimant's noncompliance with treatment requires the ALJ to issue specific findings in accordance with Social Security Ruling 82-59 ("SSR 82-59"), which includes the requirement that an ALJ question a claimant about his specific reasons for noncompliance. The ALJ did not follow that procedure in this case.

For those reasons, the Magistrate Judge recommended that the Commissioner's decision be reversed and remanded to the Commissioner of the Social Security Administration ("Commissioner") for additional administrative proceedings under sentence four of 42 U.S.C. § 405(g), to include a proper evaluation, discussion, and findings with respect to whether Plaintiff's bipolar disorder is disabling and if it is, whether Plaintiff's noncompliance with treatment warrants denial of benefits pursuant to SSR 82-59. The Magistrate Judge also recommended that further administrative action address Plaintiff's additional alleged errors. The Report and Recommendation sets forth the relevant facts and legal standards, which this court incorporates herein.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject,

2

or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

On November 21, 2012, the Government filed a notice informing the court that it did not intend to file an objection to the Magistrate Judge's Report [Dkt. No. 20].[1] However, on November 29, 2012, Plaintiff filed an Objection [Dkt. No. 22] to the Report, agreeing with the Magistrate Judge's finding of error in the Commissioner's decision, but alleging additionally 1) that the ALJ ignored certain medical records; 2) that the government would not be able to meet its burden under SSR 82-59 if it found disability but denied benefits based on Plaintiff's noncompliance with treatment; and 3) that the ALJ committed additional errors including not adequately considering statements of certain treating physicians; improperly discounting Plaintiff's testimony and credibility; making an improper residual functional capacity ("RFC") finding; and relying on a vocational expert's testimony where such testimony was not supported by substantial evidence. Plaintiff requests that this court reverse the Commissioner's decision and issue a finding that Plaintiff is disabled and entitled to benefits, noting that Plaintiff's claim has been pending for more than six years and has been through two rounds of administrative proceedings. In the alternative, Plaintiff requests that this court issue explicit instructions with regard to the additional errors alleged in its Objections to the Report and Recommendation. [Dkt. No. 22].

---

[1] While the Government did not make timely objections to the Magistrate Judge's Report, he did assert in his Response to Plaintiff's Objections [Dkt. No. 23] that the Commissioner's decision that Plaintiff was not disabled was supported by substantial evidence and was free of legal error. It further asked that the court decline to adopt the Magistrate Judge's report. The Government did not make specific objections to the Magistrate Judge's determination that the ALJ's reasoning was based on inconsistent logic. Instead, the Government was primarily concerned with Plaintiff's assertion that the ALJ's alleged errors warranted reversal and immediate payment of benefits.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  Section 405(g) of the Act provides "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner.  *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).  The court must uphold the Commissioner's decision as long as it is supported by substantial evidence.  *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).  "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F. 2d at 1157-58.

Additionally, 42 U.S.C. § 405(g) authorizes this court to reverse the Commissioner's decision 'with or without remanding the cause for a rehearing.' 42 U.S.C. § 405(g). The United States Court of Appeals for the Fourth Circuit has held that "it [is] appropriate to reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1011-12 (4th Cir. 1974).  However, the claimant

4

must still meet his burden of proving that he was disabled during the period claimed. "The general rule is that 'an award of benefits is appropriate only if all factual issues have been resolved and the record supports a finding of disability.'" *Timmerman v. Comm'r of Soc. Sec.*, CIV.A. 2:07745-HFF-RSC, 2009 WL 500604 (D.S.C. Feb. 26, 2009) *quoting Briscoe v. Barnhart,* 425 F.3d 345, 356 (7th Cir.2005). A court "may enter an immediate finding of disability only if the record 'overwhelmingly supports' such a finding." *Id. quoting Buckner v. Apfel,* 213 F.3d 1006, 1011 (8th Cir.2000). "It is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In addition, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) *quoting Walker v. Bowen,* 834 F.2d 635, 640 (7th Cir. 1987).

The court finds that the Magistrate Judge performed a proper analysis of the record and the Commissioner's decision and arrived at the correct result. Specifically, the Magistrate Judge correctly determined that the ALJ's reasoning was internally inconsistent such that the ultimate finding was in error. The Magistrate Judge stated that he was "constrained to agree" with Plaintiff that the ALJ's RFC finding was not supported by substantial evidence because it was based on an inconsistent rationale involving whether Plaintiff's alleged noncompliance with treatment was or was not a deciding factor in the ALJ's determination that Plaintiff was not disabled. In effect, the Magistrate Judge could not discern whether the ALJ arrived at his disability determination based on a finding of noncompliance or whether he had reached the

decision by some other means.  Since it is unclear whether the ALJ applied the correct legal standard, the court agrees that the matter should be remanded for a proper evaluation, discussion and findings with respect to whether Plaintiff's bipolar disorder is disabling.  Additionally, the court accepts the Magistrate Judge's recommendation that further administrative action should include a discussion of whether, if Plaintiff is disabled, Plaintiff is precluded from an award of disability pursuant to a proper and complete analysis under SSR 82-59.

Though this court, like the Magistrate Judge, finds error in the ALJ's reasoning that warrants remand of the Commissioner's decision, the court also considers the additional alleged errors in Plaintiff's Objections to the Report and Recommendation.  First, Plaintiff rejects the contention that non-compliance can form the basis for denying disability in any future decision.  He raises several objections relevant to the issue of his alleged noncompliance with treatment.

First, Plaintiff argues that, on the record as currently developed, the government will not be able to meet its burden showing noncompliance is a legitimate reason for denying benefits.  Under SSR 82-59, a claimant's failure to follow the prescribed treatment can form the basis of denying the claim when:

> 1) The evidence establishes that the individual's impairment precludes engaging in any substantial gainful activity (SGA) . . . ; 2) The impairment has lasted or is expected to last for 12 continuous months from onset of disability or is expected to result in death; 3) Treatment which is clearly expected to restore capacity to engage in any SGA (or gainful activity, as appropriate) has been prescribed by a treating source; and 4) The evidence of record discloses that there has been refusal to follow prescribed treatment.

SSR 82-59.  Plaintiff argues that the record "contains absolutely no evidence that [Plaintiff's prescribed] treatment was *clearly expected* to restore Plaintiff's capacity to

6

engage in substantial gainful activity." Plaintiff's Objections to the Report and Recommendation, at 5. Upon review of the record and the arguments made by each side in their briefs, the court finds there is conflicting evidence regarding the expected efficacy of Plaintiff's treatment in relation to his ability to engage in substantial gainful activity as defined by the statute.

Second, Plaintiff argues that any noncompliance with treatment is justified and evidence already exists in the record that addresses this issue including testimony regarding Plaintiff's problems with the clinic changing his doctors and medications, transportation problems, and Plaintiff's inability to pay his medical bills. However, SSR 82-59 requires a full evaluation of Plaintiff's reasons for noncompliance with treatment. This requires the ALJ to specifically question Plaintiff at a hearing so that the record is appropriately developed. The justifications presented in Plaintiff's objections, while potentially legitimate, are, in this context, one-sided, phrased in the light most beneficial to Plaintiff, and not subject to further inquiry or questioning. Therefore, the court finds the evidence insufficient to establish whether Plaintiff was or was not justified in not complying with his treatment. On remand, an ALJ considering noncompliance as a reason to deny disability is instructed to engage in the colloquy required by SSR 82-59.

Third, Plaintiff argues that the ALJ ignored relevant medical evidence, specifically evidence of Plaintiff's treatment by mental health counselor Catherine Hartman at the Berkeley Community Mental Health Center which took place between 2009 and 2011. Plaintiff argues that these records, which show Plaintiff's regular attendance at counseling sessions, refute the ALJ's characterization of Plaintiff's treatment history as one marked by missed appointments, gaps in treatment, and a

7

reoccurring failure to take his prescribed medication.

The ALJ's failure to specifically note Plaintiff's attendance at the counseling sessions with Hartman, which appears to be only one component of Plaintiff's treatment regime, does not in and of itself warrant a finding by this court that Plaintiff is disabled. Even if this omission casts doubt on the thoroughness of the ALJ's review, as Plaintiff suggests, the only appropriate remedy is remand with a specific instruction to give proper weight to Plaintiff's seemingly consistent attendance at counseling sessions between 2009 and 2011. On remand, the ALJ is ordered to explicitly consider the records from Plaintiff's counseling sessions and weigh them accordingly in his analysis of Plaintiff's compliance with treatment.

In his objection, Plaintiff raises additional alleged "serious errors" supporting reversal of the Commissioner's decision. Specifically, Plaintiff argues that the ALJ failed to adequately consider the opinions of her treating physicians; that the ALJ improperly discounted Plaintiff's testimony and credibility; that the ALJ used an improper RFC that failed to accommodate all of the claimant's mental limitations; and that the ALJ's reliance on the vocational expert's testimony regarding other jobs is not supported by substantial evidence. Both parties have made legitimate arguments regarding these issues in their initial briefs to the Magistrate Judge. Each of these issues involves conflicting evidence that is best weighed by the fact finder, which in cases such as these, is the ALJ. The court adopts the Magistrate Judge's recommendation that the ALJ should be instructed to consider these additional alleged errors on remand.

Although the court sympathizes with Plaintiff and his protracted struggle to obtain benefits, for the reasons discussed above, remand is necessary. However, because

8

Plaintiff has been seeking benefits for over six years, the Court orders that the required review be conducted as expeditiously as possible.

After a thorough and careful review of the record, the court finds the Magistrate Judge's Report and Recommendation provides an accurate summary of the facts and law in the instant case. The court **ACCEPTS** the Magistrate Judge's Report [Dkt. No. 19] and incorporates it herein by reference. For the reasons set out in the Report, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings consistent with the Magistrate Judge's recommendations as adopted and stated herein.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 18, 2013
Greenville, South Carolina